UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Trey Hays,                                               Case No. 3:18-cv-2209

    Plaintiff,

v.                                                       MEMORANDUM OPINION
                                                     AND ORDER

Chipotle Mexican Grill, Inc., *et al.*,

    Defendants.

## I. INTRODUCTION

Plaintiff Trey Hays initiated this litigation through counsel on September 26, 2018, alleging Defendants violated his rights under the Family and Medical Leave Act and also discriminated against him on the basis of a disability in violation of Ohio law. (Doc. No. 1). On March 8, 2019, I granted a motion filed by Plaintiff's counsel to withdraw from the case and ordered Plaintiff to obtain new counsel or to inform me of his decision to proceed *pro se*. (Doc. No. 18). Plaintiff has not responded to that order, or a subsequent one ordering him to show cause for his failure to respond. (Doc. No. 24). Defendants now seek to dismiss this lawsuit with prejudice for lack of prosecution. (Doc. No. 25). For the reasons stated below, I grant Defendants' motion.

## II. BACKGROUND

Hays began working for Chipotle in 2015. He ultimately was promoted to the position of service manager, before he was terminated in January 2018. He alleges his termination violated his rights under the FMLA as well as state law.

On March 4, 2019, Hays's attorneys moved to withdraw from this litigation pursuant to Local Rule 83.9 and Rule 1.16(b) of the Ohio Rules of Professional Conduct. Counsel indicated they had spoken with Hays before filing the motion. (Doc. No. 17). I granted that motion and ordered Hays to notify my chambers of the identity of his new attorney, or of his intention to represent himself, within 30 days. (Doc. No. 18).

Hays did not respond to that order. Nor did he attend a previously-scheduled telephone conference on May 16, 2019. Following that conference, I issued a show cause order and stated I would entertain a motion to dismiss for failure to prosecute if Hays did not confirm his intention to proceed with this litigation by June 21, 2019. (Doc. No. 24). Hays once again did not respond. After the deadline passed, Defendants moved to dismiss. (Doc. No. 25).

### III.     ANALYSIS

Rule 41(b) permits a court to dismiss an action or a claim if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). In contemplating this course, the court must consider its "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" while also keeping in mind "the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Further, a court must specifically consider whether "1) the failure to cooperate with the court's orders was [willful] or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

I conclude these factors warrant the imposition of the admittedly-harsh sanction of a dismissal with prejudice. Hays has failed to comply with two separate orders expressly requiring him

to state his intention to proceed with this case, and he was warned his case could be dismissed if he failed to respond. Defendants also have suffered prejudice through the commitment of time and resources to the conferences and deadlines I have set in this case.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss this action with prejudice for failure to prosecute, (Doc. No. 25), is granted.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge